■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CIRO PAUL CONTI, Respondent, v. CARLO MOLINARI and ALDA MOLINARI, Appellants.— In a habeas corpus proceeding instituted by a father to obtain the custody of his child from nonparents, the latter appeal from a judgment (misdescribed as an order [CPLR 411, 7010]) of the Supreme Court, Kings County, entered December 14, 1964 upon a decision of the court after a hearing, which *inter alia*: (a) sustained the writ; (b) awarded custody of the child to the petitioner; and (3) directed appellants to deliver the child to the petitioner. Judgment reversed on the law, without costs, and proceeding remitted to the Special Term for the purpose of holding a plenary hearing and making a determination *de novo* on the basis of all the proofs adduced. No questions of fact have been considered. By means of a habeas corpus proceeding, the petitioner sought to regain custody of his three and one-half-year-old infant son whose custody he had voluntarily given to the appellants, who are persons unrelated to him. In reaching its determination, Special Term relied upon a judgment of annulment obtained by petitioner in an action against the infant's mother, who had been committed to a State mental hospital. A decretal paragraph of that judgment awarded custody of the infant to the petitioner and, in so doing, referred to the infant as the issue of the marriage. At the conclusion of petitioner's case, Special Term held that petitioner's parentage in and of itself rendered it powerless to deny custody to the petitioner. Thus, Special Term did not receive testimonial or other evidence available to the appellants in support of the allegations and claims set forth in their return to the writ. Clearly, Special Term should have

received testimonial and other proof of petitioner's alleged abandonment of, and unfitness to rear, the infant. Such proof would deny to petitioner that primacy of parental right which he now asserts (*People ex rel. Anonymous* v. *Anonymous*, 10 N Y 2d 332). Incident to the new hearing which we have directed and prior to the rendition of its decision, the Special Term would be well advised if, in aid of its decision, it would utilize the services and facilities of the Probation Department in Kings County. Christ, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.